# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER TRUEHEART,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE BRIAN ARAX,<br><br>Defendant. | Case No. 1:23-cv-01710-NODJ-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

## I.

## INTRODUCTION

Plaintiff Amber Trueheart, proceeding *pro se* and *in forma pauperis*, filed this civil rights action on December 12, 2023.  (ECF No. 1.)  Based on review of the complaint, the Court issues the following findings and recommendations recommending that this action be dismissed.

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

1    (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);

2    <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

3    proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70

4    F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*

5    complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998)

6    (affirming sua sponte dismissal for failure to state a claim).  The Court therefore exercises its

7    discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or

8    malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

9    against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

10        In determining whether a complaint fails to state a claim, the Court uses the same

11   pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a

12   short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R.

13   Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the

14   elements of a cause of action, supported by mere conclusory statements, do not suffice."

15   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

16   544, 555 (2007)).

17        In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and

18   accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89,

19   94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,

20   a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A]

21   complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

22   short of the line between possibility and plausibility of entitlement to relief.' "  <u>Id.</u> (quoting

23   <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for

24   the court to draw the reasonable conclusion that the defendant is liable for the misconduct

25   alleged.  <u>Iqbal</u>, 556 U.S. at 678.

26   / / /

27   / / /

28   / / /

2

### III.

### ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges she and her deceased fiancé jointly invested in their home for ten years. (ECF No. 1 at 5.)  Plaintiff maintains she has evidence by way of a witness declaration and a handwritten will that confirms the home was to remain with Plaintiff following the death of her fiancé.  (Id.)  In an ongoing probate matter in Fresno County Superior Court, Plaintiff alleges Fresno County Superior Court Judge Brian Arax ("Judge Arax") wants to deprive Plaintiff of the property due to Plaintiff and her fiancé's failure to register their relationship online in 2020.  (Id.)

Plaintiff contends her rights under the First, Fourth, and Ninth Amendments to the United States Constitution have been violated.  (Id. at 1.)  Plaintiff's requests that this Court to issue an immediate cease and desist to Judge Arax ordering him from stripping Plaintiff of the right to her home.  (Id. at 5.)  Plaintiff also requests this Court issue an immediate order to non-party unspecified attorneys at Baker Manock & Jenson to cease harassing Plaintiff, as they have emailed her numerous times to remind her Judge Arax is going to deprive her of the property. (Id.)  Plaintiff claims mental and emotional distress, lost wages, and loss of enjoyment of property. (Id.)  Plaintiff seeks monetary damages.

### IV.

### DISCUSSION

#### A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, meaning they may only hear specific types of cases.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  See Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).  Probate matters are not within the jurisdiction of the federal court.  Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction"); Goncalves by & Through Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1252 (9th Cir. 2017) ("[T]he probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a

state probate court").

Plaintiff's complaint concerns an ongoing probate matter in Fresno County Superior Court. Specifically, Plaintiff maintains that she has rights to property which appears to currently be a part of her deceased fiancé's estate. She alleges there are multiple documents that confirm the property was to stay with her, presumably upon the death of her fiancée. Because Plaintiff perceives Judge Arax is "inclined to deny" that she has any rights to the property, Plaintiff requests that this Court award her $800,000.00 in damages and preclude Judge Arax from depriving Plaintiff of her alleged rights to the property. Such allegations suggest that Plaintiff is requesting that this Court dictate the disposal of property presumably in the custody of the state probate court and administration of her deceased fiancé's estate currently subject to an ongoing probate matter. The Court lacks jurisdiction under the probate exception over Plaintiff's claims.

Further, a plaintiff must state the basis of the court's jurisdiction in the complaint. "Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction." Harris v. Health & Hum. Servs., No. CIV S-11-3417 KJM, 2012 WL 761981, at *2 (E.D. Cal. Mar. 6, 2012) (citation omitted). Mere reference to constitutional violations does not create subject-matter jurisdiction. Here, Plaintiff's attempt to create federal subject matter jurisdiction by claiming that Judge Arax has violated her rights under the First, Fourth, and Ninth Amendments to the Constitution fails. (ECF No. 1 at 1.) Even when liberally construing Plaintiff's complaint, Plaintiff has not alleged any facts supporting violations of any rights afforded under the First, Fourth, or Ninth Amendment. Accordingly, the Court finds Plaintiff has failed to state a claim on which relief may be granted.

## B. **Younger** Abstention

Given Plaintiff's complaint seeks to have this Court adjudicate an ongoing matter in Fresno County Superior Court, the Court also finds abstention under Younger v. Harris, 401 U.S. 37 (1971) is appropriate.[1] Younger abstention is required when: (1) state proceedings, judicial in

---

[1] Based on the facts contained in the complaint at the time of the filing, it would appear Younger abstention would apply rather than the Rooker-Feldman doctrine. See H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 612–13 (9th Cir. 2000) ("Because we are not asked to review the merits of a final state judgment, but rather to enjoin ongoing state proceedings, we conclude that principles of abstention rather than Rooker–Feldman, govern this case.").

4

nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  Although Younger dealt with a state court criminal prosecution, the doctrine of abstention also applies to state administrative proceedings. Hare v. Simpson, No. CIV S-12-0136 JAM, 2012 WL 1552782, at *1 (E.D. Cal. May 1, 2012).

Younger abstention further supports dismissal of Plaintiff's claims.  State judicial proceedings are pending in Fresno County Superior Court and Judge Arax is currently presiding over the matter.  Plaintiff's requested relief requires that this Court interfere with the pending probate matter in state court.  The broad relief sought by Plaintiff—issue an order directing that Judge Arax refrain from precluding Plaintiff in administration of the decedent's estate— implicates unwarranted federal involvement in an ongoing state probate matter.  See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758-59 (9th Cir. 2014) (federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings").  If Plaintiff seeks to challenge the judicial rulings which she alleges Judge Arax is "inclined" and "wants" to make in the ongoing probate matter, Plaintiff may later file an appeal with the California Court of Appeal.  Plaintiff cannot use this action by broadly alleging unsupported constitutional violations as a vehicle for interfering in the ongoing probate matter.  While Plaintiff failed to provide the Court any factual basis for the alleged violations to her rights afforded under the First, Fourth, and Ninth Amendments, the Court finds on the facts provided that Plaintiff will be afforded an adequate opportunity to raise any constitutional issues resulting from deprivation of the property in state appellate proceedings. Accordingly, the Court finds the Younger abstention doctrine bars this Court from interfering with the ongoing probate matter in Fresno County Superior Court.

## C.    Improper Defendant

Plaintiff names Fresno County Superior Court Judge Brian Arax as the sole defendant in this action.  Judges are generally afforded absolute immunity from suit when functioning in their official capacities.  See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004).

1  "Few doctrines were more solidly established at common law than the immunity of judges from

2  liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386

3  U.S. 547, 553-54 (1967).  "Judicial immunity applies 'however erroneous the act may have been,

4  and however injurious in its consequences it may have proved to the plaintiff.' "  Ashelman v.

5  Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).

6  Judicial immunity "is an immunity from suit, not just from the ultimate assessment of

7  damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).

8          Plaintiff requests that this Court interfere with Judge Arax's judicial rulings in

9  administering a decedent's estate or disposing of property during an ongoing probate matter in

10  Fresno County Superior Court.  It is well-established that Judge Arax is immune from liability

11  arising from his professional capacity in making such judicial rulings.  Accordingly, it is

12  recommended that Plaintiff's complaint be dismissed without leave to amend because the legal

13  deficiencies cannot be cured by amendment.

14          The Court also notes Plaintiff requests that this Court order unspecified attorneys at

15  Baker Manock & Jenson to cease emailing her to remind her Judge Arax is going to deprive her

16  of the property.  However, Plaintiff does not name them as defendants in this action, nor does she

17  make a statement of a claim against them pursuant to Federal Rule of Civil Procedure 8(a).

18  Should Plaintiff wish to file a claim against a specific party, she must name them as a defendant,

19  include a statement of the grounds of the court's jurisdiction over that defendant, and state a

20  cause of action.

21          **D.      Leave to Amend**

22          "A pro se litigant must be given leave to amend his or her complaint, and some notice of

23  its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

24  cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  Here, the

25  Court lacks subject matter jurisdiction, the abstention doctrine applies, and the sole defendant is

26  entitled to absolute judicial immunity for the actions alleged in the complaint.  Because it does

27  not appear possible that the deficiencies identified herein can be cured by amending the

28  complaint, the Court recommends dismissing Plaintiff's complaint without leave to amend.

1

**VI.**

2

**CONCLUSION AND RECOMMENDATION**

3      Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be

4   dismissed without leave to amend.

5      These findings and recommendations are submitted to the district judge assigned to this

6   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-**

7   **one (21) days** of service of these recommendations, the parties may file written objections to the

8   findings and recommendations with the Court.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will

10  review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. §

11  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

12  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

13  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

IT IS SO ORDERED.

15

16  Dated:   **February 26, 2024**

_____

UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28